# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HERMAN NELSON, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 07-CV-2991 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| MICHAEL CHERTOFF, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 8, 2009, Plaintiffs filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) [35]. In the motion, Plaintiffs stated that the dismissal was without prejudice and voluntary. On February 2, 2010, Plaintiffs filed a motion to reinstate the complaint pursuant to Rule 60(b) [38]. For the following reasons, the Court denies Plaintiffs' motion [38].

**I.     Background**

In May 2007, four current and former employees of the Department of Homeland Security filed a six-count employment discrimination lawsuit against the Secretary of the Department and various individual defendants. In October 2007, Plaintiffs amended their complaint, terminating all defendants except the Secretary and substituting Plaintiff Carter for Plaintiff Verre. In December 2007, Defendant moved to sever Plaintiffs' claims and to dismiss two counts of Plaintiffs' complaint. The Court denied without prejudice the motion to sever and granted the motion to dismiss as to Counts V and VI of the amended complaint. Defendant did not file an answer after the Court ruled on the motion to dismiss. In March 2009, Plaintiffs' counsel failed to appear for a discovery conference, and then, on May 8, 2009, Plaintiffs filed a

"Motion for Voluntary Dismissal pursuant to FRCP 41(a)(1)(A)," requesting dismissal that be "without prejudice and voluntary." After reviewing Plaintiffs' motion, the Court entered a minute order stating that Plaintiffs' motion was granted and striking as moot all other pending matters and dates.

Nine months later, in February 2010, Plaintiffs filed a motion to reinstate the complaint pursuant to Rule 60(b). In their motion, Plaintiffs state that they sought voluntary dismissal of their amended complaint following "a set of unforeseen circumstances regarding one of the named plaintiffs that had a tendency to directly impact on these proceedings and required additional time to sort out the legal impact to the plaintiffs' case in chief." Mot. at 2. According to Plaintiffs, one of them was arrested in another jurisdiction, which caught Plaintiffs "by surprise," and they "tactically" believed that the criminal action had to be resolved before they could proceed with their employment discrimination lawsuit. *Id.* at 2-3. In Plaintiffs' opening brief, they did not specify which Rule 60(b) ground applies. See, *e.g.*, *GHSC Associates Ltd. Partnership v. Wal-Mart Stores, Inc.*, 29 Fed. Appx. 382, 385 (7th Cir. 2002) (when a motion is not "shaped to the specific grounds for modification listed in Rule 60(b), district court judges are under no duty to manufacture them on behalf of the movant * * * * It is the movant's responsibility to make its contentions clear."). However, in their reply brief, Plaintiffs cite Rule 60(b)(6) in support of their request for relief. See Pls.' Reply at 5.

## II.     Analysis

### A.     Jurisdiction

Whether the Court has jurisdiction to decide Plaintiffs' motion depends on the nature of the dismissal of Plaintiffs' lawsuit. Plaintiffs specified that they were voluntarily dismissing their complaint, without prejudice, pursuant to Rule 41(a)(1). Although Defendant had filed a

motion to dismiss, he had not yet filed an answer or a motion for summary judgment. Accordingly, the dismissal was pursuant to Rule 41(a)(1)(A), which does not require a court order to give effect to the dismissal. See *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) ("Rule 41(a)(1) specifies that a plaintiff may dismiss an action without an order of court"); *McCall-Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir. 1985) (a Rule 41(a) voluntary dismissal takes effect the date the stipulation is filed in court). In this instance, because Plaintiffs incorrectly styled the notice as a motion, and because there were pending matters and dates, the Court entered a minute order granting the motion and striking any pending matters and dates. Nevertheless, the fact that the Court, rather than the clerk of court, issued the order does not change its character as a Rule 41(a)(1) voluntary dismissal without prejudice. See *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (holding that "motion" to voluntarily dismiss the plaintiff's complaint met the requirements of Rule 41(a)(1) even though the plaintiff had captioned the filing as a motion rather than as a notice); see also *Boran v. United Migrant Opportunity Servs.*, Inc. 99 Fed. Appx. 64, 66-67 (7th Cir. 2004).

As the foregoing demonstrates, Plaintiffs achieved the dismissal of the amended complaint by their own request under Rule 41(a)(1)(A), not by any order of the Court. It was Plaintiffs' own action, not the ministerial entry of an order by the Court, that terminated Plaintiffs' lawsuit. See *Jessup*, 277 F.3d at 929 (district judge's "approval" of a settlement, unless the approval is embodied in a judicial order retaining jurisdiction of the case in order to be able to enforce the settlement without a new lawsuit, has no legal significance). Plaintiffs, then, received exactly what they requested: a voluntary dismissal under Rule 41(a)(1). Generally, after a dismissal without prejudice, the plaintiff must commence a new suit and pay a filing fee. See *Richmond v. Chater,* 94 F.3d 263, 267-68 (7th Cir. 1996); see also Fed. R. Civ. P. 3. The

Court was divested of jurisdiction to consider the merits of the case (although not collateral matters such as attorneys fees or sanctions) when Plaintiffs voluntarily dismissed their case. *See Jessup,* 277 F.3d at 929 ("[a]n unconditional dismissal terminates federal jurisdiction") (internal citations omitted); *McCall-Bey,* 777 F.2d at 1190; *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir. 1976) (once plaintiff voluntarily dismissed case under Rule 41(a)(1), case was terminated and court "had no power or discretion" to rule on substantive motion filed after dismissal); *cf. Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990) (addressing whether the filing of a notice of voluntary dismissal automatically deprived a court jurisdiction over a Rule 11 motion and finding that federal court may consider collateral issues after an action is no longer pending, such as motions for costs, attorneys' fees, or sanctions, because those issues are "independent proceedings supplemental to the original proceeding and not a request for a modification of the original decree"). Thus, Plaintiffs' remedy is not reinstatement of the complaint (or an appeal from the voluntary dismissal), but a new lawsuit, subject to statute of limitations constraints.

That would appear to end the discussion. However, because there is some ambiguity in Seventh Circuit case law suggesting that a district court may have jurisdiction to consider a Rule 60(b) motion following a dismissal, the Court will address Plaintiffs' request for relief under Rule 60. *See McCall-Bey,* 777 F.2d at 1190 ("[a]n unconditional dismissal terminates federal jurisdiction *except* for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)"); *but see Zibolsky v. Brown County*, 2007 WL 1556179, at *1 (E.D. Wis. May 25, 2007) (quoting *McCall-Bey* and denying motion to reopen case, finding that "after a Rule 41 dismissal, there is nothing for me to reconsider, as I was divested of jurisdiction after approving plaintiff's voluntary dismissal"). Under Rule 60(b), a court may relieve a party from "a final judgment, order, or proceeding." Some courts have held

4

that the filing of a voluntary dismissal is "a judgment, order, or proceeding" from which Rule 60(b) relief can be granted. See *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995); *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987); *Walker v. Department of Veterans Affairs*, 1995 WL 625689, at *2 (S.D.N.Y. Oct. 25, 1995) ("Although a voluntary dismissal without prejudice under [Rule 41(a)] does not have preclusive effect on later claims, such a dismissal is a final judgment in the sense that it ends the pending action") (internal citations omitted). Since there is no court-initiated judgment, order, or proceeding to reconsider, it is questionable, even in light of the previously-cited authority, whether a court has jurisdiction to reconsider a stipulation to dismiss pursuant to Rule 41(a)(1)(A). However, in view of the cases from other jurisdictions and the language in *McCall-Bey* quoted above, the Court proceeds with caution to address Plaintiffs' arguments under Rule 60(b)(6).

In their reply brief, Plaintiffs contend that Rule 60(b) "is written broadly enough where the Court is free to consider any reason for just relief," directing the Court's attention to Rule 60(b)(6). Under Rule 60(b)(6), a Court may relieve a party from "a final judgment, order, or proceeding for * * * any other reason that justifies relief." Cases require a movant to demonstrate extraordinary circumstances to justify the reopening of a "final judgment." See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Plaintiffs have not demonstrated that special circumstances exist in this case to warrant the extraordinary remedy of reopening this voluntarily dismissed lawsuit. Plaintiffs argue that they made a "tactical," albeit mistaken, decision to dismiss the civil action in order to first resolve the criminal action. However, a "procedural misplay" in dismissing a federal lawsuit is not the type of reason that justifies relief under Rule 60(b). See *Eskridge v. Cook County*, 577 F.3d 806, 808 (7th Cir. 2009). A voluntary, affirmative, tactical decision does not rise to the

5

level of "mistake, inadvertence, surprise, or excusable neglect" warranting relief under Rule 60(b)(1), nor does it justify relief under Rule 60(b)(6). As the Seventh Circuit has made clear, if a party or counsel makes a "deliberate, strategic choice to dismiss [a] lawsuit * * * counsel's incorrect assessment of the consequences of that choice [do] not compel relief under Rule 60(b)." *Id*. at 810 (internal quotations omitted).

Although this result may have statute of limitations repercussions – Plaintiffs' counsel skirted this issue, but the Court assumes it does – a quick search of the pertinent law by Plaintiffs' counsel prior to filing the voluntary dismissal would have alerted counsel to the authority permitting both the criminal suit and the civil suit to proceed at the same time. Failure to look into this possibility may be neglect, but not the excusable kind. See, *e.g.*, *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998) (attorney's failure to research Rule 68 before extending offer of judgment was a "mistake," but district court did not abuse its discretion in determining that it was not "excusable neglect"). And if Plaintiffs' counsel did conduct that research, then Plaintiffs' decision to voluntarily dismiss the civil lawsuit pending resolution of the criminal case was purely tactical and not a basis for granting relief under Rule 60(b). See *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) ("A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed"). In sum, the decision to voluntarily dismiss the lawsuit, although it may have been mistaken in hindsight, was "free and voluntary," and does not satisfy Rule 60(b)(6)'s extraordinary circumstances requirement. See *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).

## III.     Conclusion

For the reasons stated above, the Court respectfully denies Plaintiffs' motion to reinstate the complaint pursuant to Rule 60(b) [38].

Dated:  May 10, 2010                                          _____
                                                              Robert M. Dow, Jr.
                                                              United States District Judge